```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

MARTIE TOLBERT, *et al.*,           )
                                    )
    Plaintiffs,                     )
                                    )
vs.                                 )  CIVIL ACTION NO. 11-00651-CG-B
                                    )
WABASH NATIONAL CORPORATION,        )
*et al.*,                           )
                                    )
    Respondent.                     )

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Wabash National Corporation's Motion to Dismiss or in the Alternative, to Transfer Jurisdiction (Doc. 38). Plaintiffs initially filed a response in opposition (Doc. 53); however, after conducting limited discovery, Plaintiffs filed a motion to withdraw their opposition (Doc. 79). In requesting permission to withdraw their opposition, Plaintiffs assert that a transfer of this case to the Northern District of New York is proper and is in the best interest of efficiency and judicial economy. Upon consideration, the undersigned recommends that Defendant's Motion to Dismiss or in the Alternative, to Transfer Jurisdiction be **granted in part**, that Plaintiffs' Motion to Withdraw Opposition be **granted**, and that this action be **transferred** to the Northern District of New York.

### Background

Plaintiff Martie Tolbert, a resident of Alabama, alleges that on November 5, 2010, he drove a truck with a freezer trailer that was manufactured by Defendant Wabash National Corporation and owned by his employer, C.R. England, to Syracuse, New York, to deliver a load of frozen vegetables to a facility allegedly owned and/or operated by Defendant Americold Logistics, LLC.  Plaintiff Martie Tolbert further alleges that he was injured when the 300 pound freezer door, which was allegedly manufactured by Defendant Overhead Door Corporation, fell and trapped him inside.  Plaintiff Martie Tolbert asserts that he has suffered serious bodily injuries and mental anguish, and Plaintiff Annie Tolbert asserts a claim for loss of consortium.  (Docs. 59).

**Discussion**

28 U.S.C. § 1404(a)[1] allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and the witnesses and in the interests of justice.  Under the statute, the decision of whether a motion for a change of venue should be granted is within the sound discretion of the court.  Hutchens v. Bill Heard Chevrolet Co., 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); see also Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654 (11th Cir. 1993).

---

[1] Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. 1404(a).

In determining whether transfer is appropriate, the Court considers the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th cir. 2005).

In this case, Defendant Wabash National Corporation (hereinafter "Wabash") has sought dismissal on the ground that personal jurisdiction is lacking because other than the fact that Plaintiff Martie Tolbert resides in Alabama, the state has no other connection to this controversy.  In the alternative, Wabash argues that this case should be transferred to the Northern District of New York because Plaintiffs' injuries are alleged to have been sustained in that district.  As noted supra, Plaintiffs have withdrawn their opposition to the transfer of this action to the Northern District of New York, and neither of the two other Defendants, namely Americold Logistics, LLC or Overhead Door Corporation, have opposed Defendant Wabash's request to transfer this action to the Northern District of New York.  Based upon the record before the Court, and the absence

of any opposition to the transfer request, the undersigned finds that transferring this action to the Northern District of New York is appropriate. It is uncontested that Plaintiff Martie Tolbert was operating a trailer manufactured by Defendant Wabash in Syracuse, New York, and that the accident occurred at a facility operated by Defendant Americold Logistics, LLC, in Syracuse, New York. Thus, it is clear that this action could have been initiated in the Northern District of New York[2]. It is also clear that but for Plaintiffs' presence in Alabama, all of the material witnesses, documents and information relevant to this dispute are located in Syracuse, New York. It thus follows that transfer of this action will substantially reduce the considerable inconveniences of travel, cost, and time the witnesses would otherwise experience if this case were litigated in Alabama. Accordingly, the undersigned finds that the interests of justice are served by granting Defendant Wabash's unopposed motion to transfer this action to the Northern District

---

[2] Where, as here, jurisdiction is founded solely upon diversity of citizenship, the suit may be brought in the following venues:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

of New York.

It is therefore recommended that Defendant's Motion to Dismiss or in the Alternative, to Transfer Jurisdiction be **granted in part**, that Plaintiffs' Motion to Withdraw Opposition be **granted**, and that this action be **transferred** to the Northern District of New York.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **16th** day of **July, 2012.**

                                               **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within **fourteen days** of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[3]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.